**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEVADA

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
  amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**
**For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **HICKORY LEASING LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 45-4902355 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **252 HICKORY STREET** <br> **Quitman, MS 39355-2114** <br> Number, Street, City, State & ZIP Code | <br><br> P.O. Box, Number, Street, City, State & ZIP Code |
| **Clarke** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **HICKORY LEASING LLC**                                                        Case number (*if known*) _____
      Name

**7.** **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    ____

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | _____ | | _____ | | _____ | |
| | _____ | | _____ | | _____ | |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | **BTH QUITMAN HICKORY LLC** | Relationship | **PARENT** |
|---|---|---|---|---|
| | District | **DISTRICT OF NEVADA** When **12/10/17** | Case number, if known | **17-51375-BTB** |

Debtor    **HICKORY LEASING LLC**                                    Case number (if known) _____
          _____
          Name

**11. Why is the case filed in this district?**    Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
          Contact name   _____
          Phone          _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☑ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☑ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **HICKORY LEASING LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 26, 2018**
                 MM / DD / YYYY

**X** **/s/ NEAL SMALER**                                          **NEAL SMALER**
Signature of authorized representative of debtor                    Printed name

Title    **PRESIDENT**

---

**18. Signature of attorney**

**X** **/s/ KEVIN DARBY**                          Date    **October 26, 2018**
Signature of attorney for debtor                            MM / DD / YYYY

**KEVIN DARBY**
Printed name

**DARBY LAW PRACTICE**
Firm name

**4777 CAUGHLIN PARKWAY**
**Reno, NV 89519**
Number, Street, City, State & ZIP Code

Contact phone   **7753221237**        Email address   **kevin@darbylawpractice.com**

**7670 NV**
Bar number and State

---

**Fill in this information to identify the case:**

Debtor name  **HICKORY LEASING LLC**

United States Bankruptcy Court for the:  DISTRICT OF NEVADA

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __October 26, 2018__     *X* /s/ NEAL SMALER
                                        Signature of individual signing on behalf of debtor

                                        **NEAL SMALER**
                                        Printed name

                                        **PRESIDENT**
                                        Position or relationship to debtor

---

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **HICKORY LEASING LLC** |
| United States Bankruptcy Court for the: | **DISTRICT OF NEVADA** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **HEARTLAND RENAISSANCE FUND SUB XI, LLC 200 RIVER MARKET AVENUE, SUITE 400 Little Rock, AR 72201-1766** | | **WHITE PELLET MANUFACTURING EQUIPMENT LOCATED AT 252 HICKORY DRIVE, QUITMAN, MISSISSIPPI, 39355** | | **$1,482,855.00** | **$915,850.00** | **$567,005.00** |
| **WAVELAND SUB CDE XVIII, LLC 825 North Jefferson Street, Suite 300 Milwaukee, WI 53202-3737** | | **WHITE PELLET MANUFACTURING EQUIPMENT LOCATED AT 252 HICKORY DRIVE, QUITMAN, MISSISSIPPI, 39355** | | **Unknown** | **$915,850.00** | **Unknown** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   **HICKORY LEASING LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEVADA

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals          **12/15**

| Part 1: | **Summary of Assets** |
| --- | --- |

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*..................................................................................................   $ _____ **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..............................................................................................   $ _____ **915,850.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................................   $ _____ **915,850.00**

| Part 2: | **Summary of Liabilities** |
| --- | --- |

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................   $ _____ **1,482,855.00**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*....................................................................   $ _____ **0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................................   +$ _____ **0.00**

4.   **Total liabilities** ..........................................................................................................................
   Lines 2 + 3a + 3b   $ _____ **1,482,855.00**

**Fill in this information to identify the case:**

Debtor name    **HICKORY LEASING LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEVADA

Case number (if known)   _____

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

■ No. Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.

Debtor    **HICKORY LEASING LLC**          Case number *(If known)* _____
_____
Name

☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **47.**    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48.**    **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,<br>floating homes, personal watercraft, and fishing vessels | | | |
| **49.**    **Aircraft and accessories** | | | |
| **50.**    **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**<br>**WHITE PELLET MANUFACTURING EQUIPMENT LOCATED AT 252 HICKORY DRIVE, QUITMAN, MISSISSIPPI, 39355** | **$0.00** | | **$915,850.00** |

| | |
|---|---|
| 51.    **Total of Part 8.**<br>Add lines 47 through 50.  Copy the total to line 87. | **$915,850.00** |

52.    **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

53.    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 9: | Real property |

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

Debtor     **HICKORY LEASING LLC**                                       Case number *(If known)*  _____
_____
Name

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☑ No.  Go to Part 12.
   ☐ Yes Fill in the information below.

Debtor    **HICKORY LEASING LLC**                                    Case number *(If known)* _____
          Name

| Part 12: | Summary |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $915,850.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $915,850.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $915,850.00 |

**Fill in this information to identify the case:**

Debtor name    **HICKORY LEASING LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEVADA

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1 HEARTLAND RENAISSANCE FUND SUB XI, LLC**

Creditor's Name

**200 RIVER MARKET AVENUE, SUITE 400 Little Rock, AR 72201-1766**

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor and its relative priority.
**1. HEARTLAND RENAISSANCE FUND SUB XI, LLC**
**2. WAVELAND SUB CDE XVIII, LLC**

**Describe debtor's property that is subject to a lien**
**WHITE PELLET MANUFACTURING EQUIPMENT LOCATED AT 252 HICKORY DRIVE, QUITMAN, MISSISSIPPI, 39355**

**Describe the lien**
**Non-Purchase Money Security**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of claim: **$1,482,855.00**    Value of collateral: **$915,850.00**

**2.2 WAVELAND SUB CDE XVIII, LLC**

Creditor's Name

**825 North Jefferson Street, Suite 300 Milwaukee, WI 53202-3737**

Creditor's mailing address

Creditor's email address, if known

**Describe debtor's property that is subject to a lien**
**WHITE PELLET MANUFACTURING EQUIPMENT LOCATED AT 252 HICKORY DRIVE, QUITMAN, MISSISSIPPI, 39355**

**Describe the lien**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**

Amount of claim: **Unknown**    Value of collateral: **$915,850.00**

Debtor    **HICKORY LEASING LLC**                                    Case number (*if know*)
_____
Name

| | |
|---|---|
| **Date debt was incurred** | ■ No |
| | ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| **Last 4 digits of account number** | |

**Do multiple creditors have an interest in the same property?**

☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.

**Specified on line 2.1**

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $1,482,855.00 |

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name   **HICKORY LEASING LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEVADA

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | _____ |

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred ____

Last 4 digits of account number ____

**Basis for the claim:** _____

Is the claim subject to offset?   ☐ No   ☐ Yes

### Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 0.00 |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name    **HICKORY LEASING LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEVADA

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
    (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest  **LEASE OF ALL OF DEBTOR'S ASSETS TO BTH QUITMAN HICKORY LLC**<br><br>State the term remaining<br><br>List the contract number of any government contract | **BTH QUITMAN HICKORY LLC 252 HICKORY STREET Quitman, MS 39355-2114** |
| 2.2. State what the contract or lease is for and the nature of the debtor's interest  **ASSET PURCHASE AGREEMENT FOR SALE OF ALL OF DEBTOR'S ASSETS**<br><br>State the term remaining<br><br>List the contract number of any government contract | **MOHEGAN RENEWABLE ENERGY c/o Fennemore Craig, P.C. Attn: Anthony W. Austin 2394 E. Camelback Rd., Ste. 600 Phoenix, AZ 85016-9077** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name     **HICKORY LEASING LLC**

United States Bankruptcy Court for the:     DISTRICT OF NEVADA

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
   creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
   on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1   **BTH QUITMAN HICKORY LLC** | **252 HICKORY STREET Quitman, MS 39355-2114** | | ☐ D _____ <br> ☐ E/F _____ <br> ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **HICKORY LEASING LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEVADA

Case number (if known)    _____

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**    **Income**

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Debtor    HICKORY LEASING LLC _____    Case number *(if known)* _____

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| **Part 5:** | **Certain Losses** |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss  If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ■ None.

Debtor    __HICKORY LEASING LLC_____    Case number *(if known)* _____

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **HICKORY LEASING LLC**                                    Case number *(if known)* _____

moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■  No.
☐  Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■  No.
☐  Yes. Provide details below.

Debtor    HICKORY LEASING LLC                                    Case number *(if known)*

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| | | |

**26. Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ■ None

| Name and address | Date of service From-To |
|---|---|
| | |

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ■ None

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

    ■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| | |

    26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

    ■ None

| Name and address |
|---|
| |

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

Debtor    HICKORY LEASING LLC _____    Case number *(if known)* _____

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|------------------------|
| HICKORY HOLDINGS LLC | 252 HICKORY AVENUE Quitman, MS 39355 | MANAGER | 1% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|--------------------------|----------------------------------------------------------|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __October 26, 2018__

__/s/ NEAL SMALER__                              __NEAL SMALER__
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    __PRESIDENT__

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Nevada

In re    **HICKORY LEASING LLC**

Debtor(s)

Case No.

Chapter    **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **0.00** |
| Prior to the filing of this statement I have received | $ | **0.00** |
| Balance Due | $ | **0.00** |

2.  The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**October 26, 2018**

*Date*

**/s/ KEVIN DARBY**

**KEVIN DARBY**
*Signature of Attorney*
**DARBY LAW PRACTICE**
**4777 CAUGHLIN PARKWAY**
**Reno, NV 89519**
**7753221237  Fax: 7759967290**
**kevin@darbylawpractice.com**
*Name of law firm*

---

# United States Bankruptcy Court
## District of Nevada

In re   **HICKORY LEASING LLC**         Case No.

                                  Debtor(s)       Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **BIOMASS TORREFACTION HOLDING, LLC** | | **99%** | **MEMBERSHIP INTEREST** |
| **HICKORY HOLDINGS LLC**<br>**252 HICKORY AVENUE**<br>**Quitman, MS 39355** | | **1%** | **MEMBERSHIP INTEREST** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the **PRESIDENT** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **October 26, 2018**         Signature   **/s/ NEAL SMALER**

                                                          **NEAL SMALER**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Nevada

In re   **HICKORY LEASING LLC**

                                          Debtor(s)

Case No.

Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the PRESIDENT of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **October 26, 2018**

                                        **/s/ NEAL SMALER**
**NEAL SMALER**/**PRESIDENT**
Signer/Title

HICKORY LEASING LLC
252 HICKORY STREET
Quitman, MS 39355-2114

KEVIN DARBY
DARBY LAW PRACTICE
4777 CAUGHLIN PARKWAY
Reno, NV 89519

 AMCREF FUND VI, LLC
fbo Quitman I Investment Fund, LLC
c/o U.S. Bancorp Community Development
1307 Washinton Avenue, Suite 300
Saint Louis, MO 63103-1976

AIG PROPERTY CASUALTY, INC.
Kevin J. Larner, Authorized Rep.
80 Pine Street, 13th Floor
New York, NY 10005-1734

AMANDUS KAHL GMBH
105 HEMBREE DRIVE, SUITE L
Roswell, GA 30076

AMANDUS KAHL GMBH
MUSHKIN CICA COPPEDGE
ATTN: DAWN M CICA, ESQ
4495 S. PECOS RD
Las Vegas, NV 89121-5082

AMCREF COMMUNITY CAPITAL, LLC
C/O TIMOTHY LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

AMCREF FUND VI, LLC
fbo NBE Finance Corporation
12824 N. Colony Dr.
Mequon, WI 53097

AMCREF FUND VI, LLC
fbo Quitman I Investment Fund, LLC
c/o U.S. Bancorp Community Development
1307 Washinton Avenue, Suite 300
Saint Louis, MO 63103

AMCREF FUND VI, LLC
fbo AmCref Community Capital, LLC
4118 MAGAZINE STREET
New Orleans, LA 70115

AMCREF FUND VI, LLC
4118 MAGAZINE STREET
New Orleans, LA 70115-2751

AMCREF FUND VI, LLC
12824 N. Colony Dr.
Mequon, WI 53097-2301

AMERICAN PROTECTION
PO BOX 747
Meridian, MS 39302

AT&T
PO BOX 5014
Carol Stream, IL 60197

BTH QUITMAN HICKORY LLC
252 HICKORY STREET
Quitman, MS 39355-2114

BUTLER SNOW
ATTN: JET HOLLINGSWORTH
1020 HIGHLAND COLONY PARKWAY
Ridgeland, MS 39157

CATERPILLAR FINANCIAL SERVICES
2120 WEST END AVENUE
Nashville, TN 37203-0986

CATERPILLAR FINANCIAL SERVICES CORPORATI
C/O SNELL & WILMER L.L.P.
ATTN: ROBERT KINAS, ESQ.
3883 HOWARD HUGHES PKWY #1100
Las Vegas, NV 89169-0965

CHICKASAWAY NATURAL GAS
306 S. ARCHUSA AVENUE
Quitman, MS 39355

CINTAS
PO BOX 630910
Cincinnati, OH 45263-0910

CITY OF QUITMAN
PO BOX 16
Quitman, MS 39355-0016

CLARKE COUNTY TAX COLLECTOR
PO BOX 69
Quitman, MS 39355

CLARKE COUNTY, MISSISSIPPI
c/o Kevin Rogers
Wells Marble and Hurst
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157-2053

CONSTRUCTION SERVICES INC
PO BOX 5737
Meridian, MS 39302

CONTOL UNION (USA), INC.
ATTN: KELLI SENIOR
115 JAMES DRIVE WEST, SUITE 150
Saint Rose, LA 70087

CRANE EMPLOYMENT
3307 8TH STREET
Meridian, MS 39301

CUI SECURITY
PO BOX 878291
Kansas City, MO 64187-8291

ECD NEW MARKETS
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

ECD NEW MARKETS 4, LLC
fbo Hope Enterprise Corporation
4 Old River Place, Suite A
Jackson, MS 39202

ECD NEW MARKETS 4, LLC
fbo NBE Finance Corporation
12824 N. Colony Dr.
Mequon, WI 53097

ECD NEW MARKETS 4, LLC
fbo Quitman II Investment Fund, LLC
c/o U.S. Bancorp Community Development
1307 Washinton Avenue, Suite 300
Saint Louis, MO 63103

ENHANCED CAPITAL NEW MARKET
DEVELOPMENT FUND VII, LLC
fbo Enhanced Community Development, LLC
201 St. Charles Ave., Suite 3700
New Orleans, LA 70170

ENHANCED CAPITAL NEW MARKET
DEVELOPMENT FUND VII, LLC
fbo NBE Finance Corporation
12824 N. Colony Dr.
Mequon, WI 53097

ENHANCED CAPITAL NEW MARKET DEVELOPMENT
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

ENHANCED CAPITAL NEW MRKT. DEV. FUND VI
fbo Quitman III Investment Fund, LLC
c/o U.S. Bancorp Community Development
 1307 Washinton Avenue, Suite 300
Saint Louis, MO 63103

ENHANCED CAPITAL PARTNERS
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

FIRST INSURANCE FUNDING
C/O KEITH D. PETERSON
708 MILAN STREET, SUITE 300
Shreveport, LA 71101

FLORIDA COMMUNITY NEW MARKES FUND VI
fbo Quitman II Investment Fund, LLC
c/o U.S. Bancorp Community Development
1307 Washinton Avenue, Suite 300
Saint Louis, MO 63103

FLORIDA COMMUNITY NEW MARKETS  FUND VI
fbo Florida Community Loan Fund, Inc.
501 N. MAGNOLIA AVENUE, SUITE 100
Orlando, FL 32801

FLORIDA COMMUNITY NEW MARKETS FUND VI, L
fbo NBE Finance Corporation
12824 N. Colony Dr.
Mequon, WI 53097

FLORIDA COMMUNITY NEW MARKETS FUND VI, L
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

GLOVER YOUNG
ATTN: WILL SIMMONS
1724 23RD AVENUE, SUITE A
Meridian, MS 39301

GRANTHAM POOLE, CPA'S
ATTN: BRAD HATCHETT
1062 HIGHLAND COLONY PKWY #201
Ridgeland, MS 39157

HEARTLAND RENAISSANCE FUND SUB XI, LLC
200 RIVER MARKET AVENUE, SUITE 400
Little Rock, AR 72201-1766

HEARTLAND RENAISSANCE FUND SUB XI, LLC
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

HEETWAY LLC
755 LAKEFIELD ROAD, SUITE G
Westlake Village, CA 91361

HEETWAY LLC
C/O NEAL SMALER
20138 SANTA RITA STREET
Woodland Hills, CA 91364-3544

HICKORY LEASING LLC
252 HICKORY AVENUE
Quitman, MS 39355

HIGHLAND LLC
ATTN: HOLLY E. ESTES, ESQ.
ESTES LAW, P.C.
605 FOREST ST
RENO, NV 89059

HOLLYWOOD TOW SERVICE INC.
DEFINED BENEFIT PENSION PLAN
2644 CLARAY DRIVE
Los Angeles, CA 90077

HOPE ENTERPRISE CORPORATION
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

INTERNAL REVENUE SERVICE
PO BOX 21126
DPN 781
Philadelphia, PA 19114

INTERNAL REVENUE SERVICE
P.O. Box 7346
Philadelphia, PA 19101-7346

JAMES L. BARKSDALE
800 WOODLANDS PKWY, SUITE 118
Ridgeland, MS 39157

LAUREL RUBBER AND GASKET
PO BOX 2643
Laurel, MS 39442

MIDSOUTH WELDING
505 51ST AVENUE
Meridian, MS 39301

MISSISSIPPI POWER COMPANY
3045 ARCHUSA AVENUE
Quitman, MS 39355

```
MOBILE FOREST PRODUCTS & BIOMASS
PO BOX 2788
Mobile, AL 36652

MOHEGAN RENEWABLE ENERGY
c/o Fennemore Craig, P.C.
Attn: Anthony W. Austin
2394 E. Camelback Rd., Ste. 600
Phoenix, AZ 85016-9077

MORRIS 1985 SURVIVORS TRUST
1379 MONUMENT STREET
Pacific Palisades, CA 90272

MORRIS 1985 SURVIVORS TRUST
1379 MONUMENT ST
Pacific Palisades, CA 90272

MUNISTRATEGIES SUB-CDE #3
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026

MUNISTRATEGIES SUB-CDE #3, LLC
fbo NBE Finance Corporation
12824 N. Colony Dr.
Mequon, WI 53097

MUNISTRATEGIES SUB-CDE #3, LLC
fbo MuniStrategies, LLC
2819 North State Street
Jackson, MS 39206

MUNISTRATEGIES SUB-CDE #3, LLC
fbo Quitman III Investment Fund, LLC
c/o U.S. Bancorp Community Development
1307 Washinton Avenue, Suite 300
Saint Louis, MO 63103

MuniStrategies Sub-CDE#3, LLC
2819 N. State Street
Jackson, MS 39216

MUNISTRATEGIES, LLC
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FL
Reno, NV 89511-3026

NARDIELLO LAW FIRM
1880 CENTURY PARK EAST
SUITE 716
Los Angeles, CA 90067
```

NEW BIOMASS HOLDING LLC
4320 greens place
5530 CORBIN AVENUE, SUITE 362
Wilson, WY 83014

NEW BIOMASS HOLDING LLC
5530 CORBIN AVENUE, SUITE 362
Wilson, WY 83014

NEW BIOMASS HOLDING LLC
5530 CORBIN AVENUE, SUITE 362
Tarzana, CA 91356

Northland Group
PO Box 390846
Minneapolis, MN 55439

PUCKETT RENTAL
PO BOX 321033
Flowood, MS 39232

PURVIS BUSINESS MACHINES INC.
4505 HWY 39 NORTH
Meridian, MS 39301

REGIONS BANK
c/o Lance R. Miller
Mitchell Williams Selig Gates & Woodyard
425 W. Capitol, Suite 1800
Little Rock, AR 72201

REGIONS BANK
Corporate Trust Operations
01 Milan Pakrway, 2nd Floor
Birmingham, AL 35211-6946

REGIONS BANK CORPORATE TRUST OPERATIONS
201 Milan Parkway
Second Floor
Birmingham, AL 35211

ROBINSON LIVING TRUST
3695 LAKE CREEK DRIVE
Wilson, WY 83014

ROXANNE T. RANKIN, TRUSTEE
ROXANNE T. RANKIN REVOCABLE TRUST
18120 WAKECREST DRIVE
Malibu, CA 90265

SELWYN AND SANDRA GINSBURG FAMILY TRUST
16060 VENTURA BLVD, STE 110
Encino, CA 91436

SELWYN AND SANDRA GINSBURG FAMILY TRUST
16060 VENTURA BLVD., SUITE 110
Encino, CA 91436

SHUQUALAK LUMBER CO
PO BOX 68
Shuqualak, MS 39361

SOUTHLAND TRANSPORT SERVICES OF
STUTTGAR
1035 HWY 165 N
STUTTGART, AR 72169

STATE OF MISSISSIPPI
DEPARTMENT OF REVENUE
PO BOX 23338
Jackson, MS 39225-3338

STEVEN RHEUBAN
15910 VENTURA BLVD.
Encino, CA 91436

SUSAN ROSMAN
2025 S. BEVERLY GLEN
Los Angeles, CA 90025

SUSTAINABLE MODULAR MANAGEMENT
7500 DALLAS PARKWAY, SUITE 175
Plano, TX 75024

TCF INVESTMENTS LLC
68 WILLOW TREE ROAD
Monsey, NY 10952

THE BRIARGATE TRUST
5952 VISTA DE LA LUZ
Woodland Hills, CA 91367

THE CITY OF QUITMAN
POB 16
101 E. CHURCH ST
Quitman, MS 39355

THE WESTON FAMILY TRUST
4318 PARK ARROYO
Calabasas, CA 91302

UTICA LEASCO, LLC
905 SOUTH BOULEVARD EAST
Rochester, MI 48307

```
UTICA LEASCO, LLC
c/o Richard F. Holley
Holley Driggs Walch Fine Wray Puzey
400 S. 4th Street, Third Floor
Las Vegas, NV 89101-6201

UTICA LEASECO, LLC
905 SOUTH BOULEVARD EAST
Rochester, MI 48307

WASTE PRO OF MERIDIAN
200 BRAXTON AVENUE
Meridian, MS 39301

WAVELAND SUB CDE XVIII, LLC
825 North Jefferson Street, Suite 300
Milwaukee, WI 53202-3737

WAVELAND SUB CDE XVIII, LLC
C/O TIMOTHY A LUKAS/HOLLAND & HART LLP
5441 KIETZKE LN, 2ND FLR
Reno, NV 89511-3026
```

# United States Bankruptcy Court
## District of Nevada

In re   **HICKORY LEASING LLC**

Debtor(s)

Case No.

Chapter   **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **HICKORY LEASING LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**October 26, 2018**

Date

**/s/ KEVIN DARBY**

**KEVIN DARBY**

Signature of Attorney or Litigant

Counsel for   **HICKORY LEASING LLC**

**DARBY LAW PRACTICE**
**4777 CAUGHLIN PARKWAY**
**Reno, NV 89519**
**7753221237 Fax:7759967290**
**kevin@darbylawpractice.com**